```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF TENNESSEE
                    WESTERN DIVISION
```

|                          |   |                      |
|--------------------------|---|----------------------|
| REGINALD DION HUGHES,    | § |                      |
|     Petitioner,          | § |                      |
| vs.                      | § | Case No. 04-2795-Ml/P |
| DAVID MILLS,             | § |                      |
|     Respondent.          | § |                      |

```
   ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS MOOT
                       ORDER OF DISMISSAL
          ORDER DENYING MOTION TO ASCERTAIN STATUS AS MOOT
              ORDER DENYING CERTIFICATE OF APPEALABILITY
                               AND
           ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
```

On October 5, 2004, Petitioner, Reginald Dion Hughes, prisoner registration number 119140, who is incarcerated at the West Tennessee State Prison in Henning, Tennessee, filed this petition under 28 U.S.C. § 2254, along with a motion to proceed in forma pauperis. Hughes subsequently paid the $5 filing fee. Accordingly, the motion to proceed in forma pauperis is DENIED as MOOT.

The Clerk of Court is ORDERED to file the case and to record the respondent as David Mills. The Clerk shall not issue any process in this case.

### State Court Procedural History

On October 8, 1987, Hughes was convicted of two counts of second-degree murder. He was sentenced to two consecutive terms of 30 years imprisonment as a Range I, standard offender. Hughes

appealed.  The Tennessee Court of Criminal Appeals affirmed his convictions and sentences.  State v. Hughes, No. 96, 1988 WL 132698 (Tenn. Crim. App. Dec. 14, 1988), perm. app. denied, (Tenn. Apr. 3, 1989).

Hughes then filed a pro se petition for post-conviction relief which was denied after an evidentiary hearing.  Hughes appealed the trial court's denial of relief.  The Tennessee Court of Criminal Appeals affirmed the judgement of the trial court.  Hughes v. State, No. 02C01-9201-CR-00005, 1992 WL 368651 (Tenn. Crim. App. Dec. 16, 1992), perm. app. denied, (Tenn. May 3, 1993).

On September 4, 2003, Petitioner sought habeas corpus relief in the Circuit Court for Lauderdale County, contending that his sentences are illegal and void.  On September 8, 2003, the trial court denied relief, and Hughes appealed.  The Tennessee Court of Criminal Appeals affirmed.  Hughes v. Mills, No. W2003-02486-CCA-R3-HC, 2004 WL 547010 (Tenn. Crim. App. Mar. 19, 2004), perm. app. denied, (Tenn. Aug. 30, 2004).

On October 5, 2004, Hughes filed this federal habeas petition under 28 U.S.C. § 2254, contending that his sentences are illegal. He also contends that it was error for the Lauderdale Circuit Court to dismiss his state habeas petition without the appointment of counsel or an evidentiary hearing.

## Analysis

The petitioner's right to attack his conviction under § 2254

is now directly barred by the amendments to the federal habeas statutes in the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996)(codified, <u>inter</u> <u>alia</u>, at 28 U.S.C. § 2244 et seq.)("AEDPA"), which created in § 2244(d) a statute of limitations for filing habeas petitions under § 2254.  The Court should consider this statute of limitations as a threshold matter.  <u>Holloway v. Corcoran</u>, 980 F. Supp. 160, 161 (D. Md. 1997).  Section 2244(d) provides:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other

>               collateral review with respect to the pertinent
>               judgment or claim is pending shall not be
>               counted toward any period of limitation under
>               this subsection.

28 U.S.C. § 2244(d).  In applying this statute of limitations, a prisoner has filed his petition within that period if he has given it to prison authorities for mailing and he has satisfied the verification requirements of Fed. R. App. P. 25(a)(2)(C).  In re Sims, 111 F.3d 45, 47 (6th Cir. 1997)(citing Houston v. Lack, 487 U.S. 266, 270 (1988)).

Hughes' conviction became final on May 3, 1993, when the Tennessee Supreme Court denied his application for permission to appeal the denial of post-conviction relief.  Hughes was allowed a one-year grace period in which to file his petition because his sentence became final before the AEDPA took effect.  See Searcy v. Carter, 246 F.3d 515, 517 (6th Cir. 2001).  Hughes' AEDPA statute of limitations expired on April 24, 1997.  He did not file this habeas petition until October 5, 2004.

Under a straightforward application of § 2244(d) and Austin v. Mitchell, 200 F.3d 391, 393-95 (6th Cir. 1999), this petition is untimely. See also Bennett v. Artuz, 199 F.3d 116 (2d Cir. Oct. 25, 1999)(following Second Circuit caselaw holding that § 2244 limitations period for pre-AEDPA convictions begins running at enactment); Hoggro v. Boone, 150 F.3d 1223, 1225-26 (10th Cir. 1998)(holding that § 2244 limitations period for state convictions final before AEDPA enactment begins running at enactment).

To the extent Hughes contends state habeas petition should toll the statute, that petition was not filed until after the AEDPA statute of limitations had run.

> Under § 2244(d)(2), even "properly filed" state-court petitions must be "pending" in order to toll the limitations period. Post-judgment motions filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled. In effect, Gordon argues not merely for the tolling of the period, but for its reinitiation. Section § 2244(d) makes no such provision where the reason for reinitiation is creation of a new remedy under state law.

Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000). Hughes had no petition pending during the applicable period, April 24, 1996 through April 24, 1997. "The tolling provision [of § 2244(d)(2)] does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." Vroman v. Brigano, 346 F.3d 598, 602 (6th Cir. 2003)(quoting Rashid v. Khulmann, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)).

Although the Sixth Circuit has ruled that the doctrine of equitable tolling may be invoked to toll the one-year limitation period applicable to § 2255 motions and habeas petitions, Hughes' allegations do not demonstrate sufficient basis to toll the statute. Dunlap v. United States, 250 F.3d 1001, 1008 (6th Cir. 2001)(approving test for equitable tolling set forth in Andrews v. Orr, 851 F.2d 146 (6th Cir. 1988)). The five parts of the test are:

>   (1) the petitioner's lack of notice of the filing requirement;
>   (2) the petitioner's lack of constructive knowledge of the filing requirement;
>   (3) diligence in pursuing one's rights;
>   (4) absence of prejudice to the respondent; and
>   (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

Andrews, 851 F.2d at 150.

Hughes fails to allege any circumstances which prevented him from inquiring about additional remedies before the expiration of the AEDPA statute. Ignorance of the time requirements for filing does not toll the limitations period. See United States v. Baker, 197 F.3d 211, 218-19 (6th Cir. 1999)(in direct criminal appeal, court noted that accepting an ignorance-of-the-law excuse would encourage and reward indifference to the law). Additionally, Hughes presents no facts supporting any inference that, using due diligence, he could not have discovered the factual predicate for his claims within the statutory period mandated by the AEDPA.

The petitioner has not missed his statutory deadline by a few days or even months. Petitioner's delay in filing this petition displays a marked lack of diligence in pursuing his rights. Neither does any ignorance of time constraints imposed by the AEDPA excuse this lack of diligence. See, e.g., Fisher v. Johnson, 174 F.3d 710, 714-15 (5th Cir. 1999)("ignorance of the law, even for an incarcerated pro se prisoner, generally does not excuse [late] filing."). Thus, the Court determines that the application of

6

equitable tolling is inappropriate under these circumstances. This petition is clearly barred by the AEDPA statute of limitations.

Therefore, as it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court," summary dismissal prior to service on the respondent is proper. Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. The petition is DISMISSED. As the petition is being dismissed and a copy of this order will be mailed to Hughes, the motion to ascertain status is DENIED as moot.

IV. APPEAL ISSUES

The Court must also determine whether to issue a certificate of appealability. Twenty-eight U.S.C. § 2253(c) provides:

> (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from-
>
>    (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>    (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063, 1073 (6th Cir.

1997), held that district judges may issue certificates of appealability under the AEDPA. The Court also held that the AEDPA codifies in amended § 2253 the standard for issuing a certificate of probable cause found in prior § 2253, which was essentially a codification of Barefoot v. Estelle, 463 U.S. 880, 893 (1983). See Lyons, 105 F.3d at 1073; see also Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

> [P]robable cause requires something more than the absence of frivolity . . . and the standard for issuance of a certificate of probable cause is a higher one than the 'good faith' requirement of § 1915. . . . [A] certificate of probable cause requires petitioner to make a substantial showing of the denial of [a] federal right. [A] question of some substance, or a substantial showing of the denial of [a] federal right, obviously [does not require] the petitioner [to] show that he should prevail on the merits. He has already failed in that endeavor. Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further.

Barefoot, 463 U.S. at 893 (internal quotations and citations omitted). In this case, for the reasons discussed above, the petitioner's claims are clearly barred by the AEDPA statute of limitations, and he cannot present a question of some substance about which reasonable jurists could differ. The Court therefore DENIES a certificate of appealability.

Also, as to any appeal, the United States Court of Appeals for the Sixth Circuit has held that the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(b), does not apply to appeals of orders denying § 2254 petitions. Kincade v. Sparkman, 117 F.3d 949,

951 (6th Cir. 1997); cf. McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997)(instructing courts regarding proper PLRA procedures in prisoner civil-rights cases). Rather, to seek leave to appeal in forma pauperis in a § 2254 case, and thereby avoid the $455 filing fee required by 28 U.S.C. §§ 1913 and 1917,[1] the petitioner must seek permission from the district court under Rule 24(a) of the Federal Rules of Appellate Procedure (F.R.A.P.). Kincade, 117 F.3d at 952. If the motion is denied, the petitioner may renew the motion in the appellate court.

> F.R.A.P. 24(a) states, in pertinent part that:
>
> A party to an action in a district court who desires to proceed on appeal in forma pauperis shall file in the district court a motion for leave to so proceed, together with an affidavit, showing, in the detail prescribed by Form 4 of the Appendix of Forms, the party's inability to pay fees and costs or to give security therefor, the party's belief that that party is entitled to redress, and a statement of the issues which that party intends to present on appeal.

The Rule further requires the district court to certify in writing whether the appeal is taken in good faith, and to deny the certificate if the appeal would be frivolous. In this case, for the same reasons that the Court denied a certificate of appealability,

---

[1] The fee for docketing an appeal is $450. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.

9

the Court determines that any arguments petitioner might present on appeal would lack even arguable merit.  The Court thus determines that any appeal in this case would not be taken in good faith.  It is therefore CERTIFIED, pursuant to F.R.A.P. 24(a), that any appeal in this matter by this petitioner is not taken in good faith and he may not proceed on appeal <u>in</u> <u>forma</u> <u>pauperis</u>.

IT IS SO ORDERED this 13th day of June, 2006.

<u>/s/ Jon P. McCalla</u>
JON PHIPPS MCCALLA
UNITED STATES DISTRICT JUDGE